# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY A. DYKES,<br><br>            Petitioner,<br><br>     v.<br><br>DEPARTMENT OF CORRECTION AND REHABILITATION/WARDEN,<br><br>            Respondent.<br>_____/ | 1:12-cv-00874-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO TERMINATE ACTION, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 1] |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

Petitioner filed the instant petition on February 23, 2012, in the United States District Court for the Northern District of California. Petitioner is challenging a conviction arising out of the Fresno County Superior Court for assault with a deadly weapon, which resulted in a three strikes sentence of 25 years to life. Petitioner contends he was improperly sentenced under California's Three Strikes law, the trial court erred by instructing the jury with CALJIC No. 17.16, and there was insufficient evidence to sustain his conviction.

On the form petition, Petitioner neglected to indicate that he has previously filed a petition for writ of habeas corpus in this Court, in case number 1:07cv-1876-LJO GSA HC, Dykes v. Sisto, which was dismissed, with prejudice as untimely on August 19, 2008. Petitioner filed a notice of appeal on September 8, 2008, and the Ninth Circuit Court of Appeals denied a

certificate of appealability on July 16, 2009.  (See Court Docs. 22 & 27, in 1:07-cv-1876-LJO-GSA (HC).)

**DISCUSSION**

Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997). A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997);  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits. See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v.

Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

The prior petition in 1:07-1876-LJO-GSA (HC), was dismissed, with prejudice, as time-barred by the statute of limitations. Although a dismissal based on the statute of limitations does not include an examination of the merits of the petition, it nonetheless operates and is equivalent to a final judgment on the merits. See e.g. Ellingson v. Burlington Northern Inc., 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the statute of limitations is 'on the merits', citing Mathis v. Laird, 457 F.2d 926, 927 (5th Cir. 1972), cert. denied, 409 U.S. 871 (1972)); In re Marino, 181 F.3d 1142, 1144 (9th Cir. 1999) (explaining that "for res judicata purposes a dismissal on statute of limitations grounds can be treated as a dismissal on the merits.") A dismissal based on untimeliness under the statute of limitations bars further review of the action. Therefore, because the prior petition was adjudicated "on the merits", the instant petition is a "second or successive petition" under § 2244(b).

Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. That being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under § 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277; Nunez, 96 F.3d at 991. If Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit Court of Appeal.. See 28 U.S.C. § 2244 (b)(3).

**ORDER**

Accordingly, IT IS HEREBY ORDERED that

1. The petition for writ of habeas corpus is DISMISSED as a successive petition;
2. The Clerk of Court is directed to terminate this action; and
3. The Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed as successive under 28 U.S.C. § 2244(b)(1).  Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

   Dated:  **June 11, 2012**                              /s/ **Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE